The opinion of the court was delivered by
White, J.
The plaintiff, individually and as administrator of the succession of Celestine Leonise Leiveque, deceased wife of Jean Theo. Cambre, a resident of the parish of Livingston, brings a hypothecary action against defendants. He avers that in his said capacities, on the 18th May, 1877, he recovered in the Sixth Judicial District Court, as an heir of his mother, Celestine Leonise Leiveque, for his virile share, and as administrator of her succession, a judgment against his father, Jean Theo. Cambre, for the sum of three thousand dollars, with five per cent *534 from the 12th of January, 1871, the date of the death of Mrs. Cambre. He avers that the judgment recognized a legal and tacit mortgage, which operates upon property held by the defendants.
The defendants excepted. 1st. That the judgment and all the proceedings had in the succession of Mrs. Cambre, in the parish court of Livingston, are absolutely null and void; thatthe domicile and residence of Mrs. Cambre at the time of her death was.in the parish of Iberville; that no account of tutorship has ever been rendered to the children and heirs of Mrs. Cambre by their father and natural tutor, J. F. Cambre, with whom they continued to reside after the death of their mother, •and who'maintained and educated them, and until the settlement and liquidation of the tutorship account, no action can be brought to enforce the pretended legal mortgage; that the minor heirs of Mrs. Cambre were not represented when the judgment relied on was rendered, and are not ■■so in this suit.
The plaintiff moved to take the exceptions as an answer, which was refused, the exceptions were thereafter sustained. Plaintiff appeals.
First — The exception to the capacity of the plaintiff as administrator proceeds upon the theory that Mrs. Cambre was domiciled in the parish of Iberville at the time of her death, and that hence the opening ■of her succession in the parish of Livingston was an absolute nullity. ■Granting the legal correctness of the proposition, there is nothing in the record disclosing the fact that the claimed administrator was appointed, if at all, by any other than the proper court of the domicile oE the deceased. The record abounds with proof that Mrs. Cambre was .at the time of her death a resident of Iberville, although she died in Livingston, where she happened temporarily to be ; there is nothing, however, in any way showing by what court plaintiff was appointed .administrator. The petition does not so disclose, as it simply avers that the plaintiff is the administrator of Mrs. Cambre, without stating iby what authority appointed. Grant that the exception was a denial ■of the plaintiff’s capacity as administrator, so as to throw upon him the onus of exhibiting his authority, and that not having so done, he is to be treated as not such administrator, the demand should not have been dismissed. The plaintiff alleged that not only individually as an Mir of his mother, but also as her administrator, he had recovered a judgment against his father. There is nothing in the exception or the proof questioning the residence of the father when the judgment was rendered. Therefore, eliminating the capacity as administrator, the individual claim remained. The obligation of the father of plaintiff to his wife, plaintiff’s mother, was certainly heritable; if so, it was either •divisible or indivisible; if the first, the plaintiff was entitled to enforce his virile share; if the last, as one of the co-owners of an indivisible *535 right, he was entitled to enforce the whole. C. C. 2115. Marcadó, vol. 4, p. 538.
Second — The plaintiff is not seeking to collect a claim against his tutor as resulting in any way from the tutorship; he is asserting a right which he avers descended to him as an heir of his mother, and not depending on the tutorship, not connected with it, and which could be enforced as heir, whether or not a tutorship had existed.
The plaintiff avers that as heir of his mother, he had obtained á judgment against his father, not on account of the tutorship, but for a debt due by the father to the mother, and therefore descending to her heirs. Eor this reason we think this case not governed by Gibbs vs. Lum, 29 A. 524, but rather by Bridges vs. Simonton, 28 A. 830. While we do not wish to be understood as approving the last mentioned ease in all respects, we think, in as far as applicable to the issue now before us, it is a correct application of legal principles. We, of course, express no opinion as to the right of a minor to bring a suit like the present when he is under the tutorship of his father.
The judgment is reversed, and the case remanded to be proceeded with according to law.